# EXHIBIT A

**INSTRUCTIONS: FILL IN THE NAMES IN THE BOX NUMBER BELOW, THE INDEX NUMBER AND THE DATE THE INDEX NUMBER WAS PURCHASED. COMPLETE ALL BLANKS IN ACCORDANCE WITH THE DIRECTIONS SET FORTH IN BOLD PRINT.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

ROCELIE TORRANO DAMIAO
[YOUR NAME(S)]

Plaintiff(s),

-against-

EQUIFAX INFORMATION SERVICES LLC
[NAME OF PERSON(S) SUED]

Defendant(s)

Index No. 716734/26

Date Index No. purchased 6/4/26

**SUMMONS**

To the Person(s) Named as Defendant(s) Above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the address indicated below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: June 04, 2026
[DATE OF SUMMONS]

ROCELIE TORRANO DAMIAO
[YOUR NAME(S)]

84-66 258TH STREET
FLORAL PARK, NY 11001
212-518-8904
[YOUR ADDRESS(ES) and PHONE NUMBER(S)]

Defendant's Address c/o Corporation Service Company 80 State Street, Albany, NY 12207-2543
[ADDRESS OF PERSON(S) SUED]

Venue: Plaintiff(s) designate(s) Queens County as the place of trial. The basis of this designation is [CHECK ONE]:

- [X] Plaintiff(s)' Residence in Queens County.
- [ ] Defendant(s)' Residence in Queens County.
- [ ] Other – Describe: ______________________

NOTE: THIS FORM OF SUMMONS MUST BE SERVED WITH A COMPLAINT

Queens County Clerk's Office
Paym 3093213 06/04/2026 2:40p
Cashier YMUHAMMA Register # 1

| | |
|---|---|
| Tr.3857987 | $210.00 |
| Documents Pay At Court E-file | |
| Torrano Damiao v. Equifax Information Services LLC | |
| Indexing Fee | |
| Total: | $210.00 |
| Credit | $210.00 |

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

**ROCELIE TORRANO DAMIAO,**
Plaintiff,

-against-

**EQUIFAX INFORMATION SERVICES LLC,**
Defendant.

Index No.: 716734/2026

## COMPLAINT

### NATURE OF THE ACTION

1. This is an action under the Fair Credit Reporting Act ("FCRA"), including but not limited to 15 U.S.C. §§ 1681e(b) and 1681i, arising from Defendant's continued reporting of inaccurate, incomplete, inconsistent, and/or unverifiable information concerning Plaintiff Rocelie Torrano Damiao.

2. Plaintiff disputes the reasonableness of Defendant's reporting and reinvestigation practices after Plaintiff directly disputed multiple Equifax tradelines and requested a fair and lawful reinvestigation together with the procedure used to determine the accuracy and completeness of the disputed information.

3. After Plaintiff's disputes and follow-up requests, Defendant continued to report tradelines that remained materially inconsistent within Equifax's own reporting and/or when compared to TransUnion and Experian reporting reflected in Plaintiff's May 29, 2026 three-bureau report.

4. Plaintiff's primary objective in this action is correction and/or deletion of inaccurate, inconsistent, incomplete, and unverifiable Equifax reporting, together with accountability for Defendant's reinvestigation procedures.

### PARTIES, JURISDICTION, AND VENUE

5. Plaintiff is a natural person residing at 84-66 258th Street, Floral Park, New York 11001.

6. Upon information and belief, Defendant Equifax Information Services LLC is a consumer reporting agency that regularly does business in New York and prepares and furnishes consumer reports regarding New York consumers. Based on the New York corporate record supplied by Plaintiff, Defendant may be served through Corporation Service Company, 80 State Street, Albany, New York 12207-2543.

7. Venue is proper in Queens County because Plaintiff resides in Queens County and the injuries complained of were sustained in this County.

8. This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant to the fullest extent permitted by law.

**GENERAL FACTUAL ALLEGATIONS**

9. Plaintiff reviewed Plaintiff's three-bureau credit report dated May 29, 2026 and identified multiple Equifax tradelines reported inaccurately, incompletely, inconsistently, and/or in an unverifiable manner.

10. Plaintiff previously disputed Equifax reporting, requested a reasonable reinvestigation, requested the method of verification and procedure used to determine accuracy and completeness, and built a documented paper trail including direct disputes, method-of-verification requests, regulatory complaints, and litigation notices.

11. Despite those disputes and requests, Equifax continued to report multiple tradelines with materially inconsistent information such as differing account status, differing remarks, differing last activity dates, differing late-payment counts, differing months reviewed, differing terms count, differing payment histories, and/or missing or unstable field data.

12. The Equifax-specific accounts included in this complaint are: WFBNA HL / Wells Fargo mortgage (ending 708037XXXXXXX); COMENITYCAPITAL/BURLIN (ending 778840XXXXXX); SYNCB/OLD NAVY (ending 601859XXXXXX); TD AUTO FINANCE (ending 110257XXXX); CBNA / Best Buy (ending 426938XXXXXXXXXX); WFBNA CARD (ending 577442XXXXXX); SYNCB/JCP (ending 600889XXXXXX); and CAP1/KOHLS DEPT STORE (ending 639305XXXXXX).

13. Plaintiff alleges that Equifax either failed to follow reasonable procedures to assure maximum possible accuracy, failed to conduct a reasonable reinvestigation, failed to meaningfully explain how the disputed information was reviewed and verified, or did some combination of the foregoing.

**ACCOUNT-SPECIFIC ALLEGATIONS**

14. WFBNA HL / Wells Fargo mortgage, account ending 708037XXXXXXX. On the May 29, 2026 report, Equifax reflected this mortgage as "Transferred," with last activity May 1, 2026, remarks "Account Transferred Or Sold," late-payment counts of 1/4/3, and 99 months reviewed, while the same report reflected materially different information on the other bureaus, including different last activity dates, remarks, late-payment counts of 3/4/7, and differing months reviewed. Plaintiff alleges that Equifax continued reporting this mortgage in an inaccurate, incomplete, inconsistent, and/or unverifiable manner.

15. COMENITYCAPITAL/BURLIN, account ending 778840XXXXXX. On the May 29, 2026 report, Equifax reflected a charge-off tradeline with last activity July 1, 2023, late-payment

counts of 0/0/1, 55 months reviewed, and charge-off reporting, while the same report reflected materially different dates, months reviewed, remarks, and history on the other bureaus. Plaintiff alleges that Equifax continued reporting this tradeline in an inaccurate, incomplete, inconsistent, and/or unverifiable manner.

16. SYNCB/OLD NAVY, account ending 601859XXXXXX. On the May 29, 2026 report, Equifax reflected this account as closed/paid with zero balance, last activity February 1, 2020, late-payment counts of 1/1/1, and 86 months reviewed, while the same report reflected materially different last activity dates, late-payment counts, months reviewed, remarks, and payment history on the other bureaus. Plaintiff alleges that Equifax continued reporting this tradeline in an inaccurate, incomplete, inconsistent, and/or unverifiable manner.

17. TD AUTO FINANCE, account ending 110257XXXX. On the May 29, 2026 report, Equifax reflected this auto account as open and in good standing with last activity May 1, 2024, zero late-payment counts, and 86 months reviewed, while the same report reflected materially different information elsewhere, including closed status, last activity May 28, 2024, late-payment counts of 3/1/0, and different months reviewed. Plaintiff alleges that Equifax continued reporting this tradeline in an inaccurate, incomplete, inconsistent, and/or unverifiable manner.

18. CBNA / Best Buy, account ending 426938XXXXXXXXXX. On the May 29, 2026 report, Equifax reflected this account with account status open, last activity May 1, 2026, remarks "Credit Card," zero late-payment counts, and a payment history largely shown as unavailable/N/A, while the same report reflected materially different remarks, months reviewed, and history elsewhere. Plaintiff alleges that Equifax continued reporting this tradeline in an inaccurate, incomplete, inconsistent, and/or unverifiable manner.

19. WFBNA CARD, account ending 577442XXXXXX. On the May 29, 2026 report, Equifax reflected this card as closed with last activity July 7, 2022 and remarks that it was an account in good standing closed at consumer's request, while the same report reflected materially different presentation, review periods, and dispute-related information elsewhere. Plaintiff alleges that Equifax continued reporting this tradeline in an inaccurate, incomplete, inconsistent, and/or unverifiable manner.

20. SYNCB/JCP, account ending 600889XXXXXX. On the May 29, 2026 report, Equifax reflected this tradeline as closed/paid with zero balance, last activity in 2015, and 80 months reviewed, while the same report reflected materially different remarks, late-payment history presentation, review counts, and related dispute status elsewhere. Plaintiff alleges that Equifax continued reporting this tradeline in an inaccurate, incomplete, inconsistent, and/or unverifiable manner.

21. CAP1/KOHLS DEPT STORE, account ending 639305XXXXXX. On the May 29, 2026 report, Equifax reflected this account as an account previously in dispute and now resolved, with late-payment counts of 1/0/0 and 43 months reviewed, while the broader report reflected differing naming conventions, remarks, and payment-history presentation across the bureaus.

Plaintiff alleges that Equifax continued reporting this tradeline in an inaccurate, incomplete, inconsistent, and/or unverifiable manner.

**FIRST CAUSE OF ACTION**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

22. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

23. Defendant was required to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff that it prepared and furnished in consumer reports.

24. Defendant failed to follow such reasonable procedures.

25. As a result, Defendant prepared and/or continued to furnish consumer report information concerning Plaintiff that was inaccurate, incomplete, inconsistent, and/or unverifiable.

**SECOND CAUSE OF ACTION**
**Failure to Conduct Reasonable Reinvestigation**

26. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

27. Plaintiff directly disputed the accuracy and completeness of the information contained in Plaintiff's Equifax file.

28. Defendant was required to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and whether unverifiable information should be modified or deleted.

29. Defendant failed to conduct a reasonable reinvestigation.

30. After claiming a review or reinvestigation had been completed, Defendant continued reporting information that remained inaccurate, incomplete, inconsistent, and/or unverifiable.

**THIRD CAUSE OF ACTION**
**Failure to Provide Meaningful Description of Procedure Used to Determine Accuracy and Completeness**

31. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

32. After receiving investigation results and updated reporting, Plaintiff requested the description of the procedure used to determine the accuracy and completeness of the disputed information.

33. Defendant failed to provide a meaningful and legally sufficient description of that procedure.

34. Defendant's responses were generic, conclusory, and insufficient to show how the disputed information was actually reviewed and verified.

**INJURY AND DAMAGES**

35. As a result of Defendant's conduct, Plaintiff has suffered frustration, distress, inconvenience, loss of time, and the burden of repeatedly disputing inaccurate or unverifiable information.

36. Plaintiff has also incurred expense and effort in preparing disputes, sending certified correspondence, preserving records, reviewing reports, and pursuing regulatory and legal remedies.

37. Plaintiff's primary objective is a fair and lawful review of Plaintiff's disputed Equifax reporting and accountability for Defendant's reinvestigation procedures; however, Plaintiff also seeks all damages and relief available under law.

**WHEREFORE CLAUSE**

- For a determination that Defendant failed to follow reasonable procedures to assure maximum possible accuracy;
- For a determination that Defendant failed to conduct a reasonable reinvestigation;
- For a determination that Defendant failed to provide a meaningful description of the procedure used to determine accuracy and completeness;
- For such relief as may be proper concerning deletion, correction, and/or modification of information that could not be reasonably verified;
- For actual damages in an amount to be determined at trial;
- For statutory damages, where legally available;
- For punitive damages, where legally available;
- For costs, disbursements, and such other and further relief as the Court deems just and proper.

Dated: Floral Park, New York
June 04, 2026

ROCELIE TORRANO DAMIAO

Plaintiff Pro Se

84-66 258th Street

Floral Park, New York 11001

Case 1:26-cv-04351-RPK-SDE Document 1-1 Filed 07/20/26 Page 9 of 9 PageID #: 13

# VERIFICATION

I, ROCELIE TORRANO DAMIAO, being duly sworn, depose and say:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

Sworn to before me this

4th day of June, 2026

ROCELIE TORRANO DAMIAO

Notary Public

SARAH NECHAMA FRISCH
NOTARY PUBLIC, State of New York
No. 04FR6349722
Qualified in Queens County
Commission Expires October 24, 2028